IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANICE LAROSA, on Behalf of
NOEL LAROSA, a Minor,

                    Plaintiff,         Case No. 12 C 932

          v.                           Hon. Harry D. Leinenweber

WALGREEN CO. and TAKE CARE
HEALTH SYSTEMS, INC.,

                    Defendants.

---

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. For the reasons stated herein, the Motion is granted in part and denied in part.

## I.  BACKGROUND

Plaintiff Janice LaRosa ("Janice") sues Defendants Walgreen Co. ("Walgreens") and its wholly-owned subsidiary Take Care Health Systems ("Take Care") on behalf of her minor son, Noel. Plaintiff alleges violations of the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act (the "RA"). (This Motion was originally brought by four defendants, but two have since been dismissed by agreement from the case.) Take Care Health Systems runs the Take Care Clinics found inside some Walgreens stores, which provide retail medical care to consumers on a walk-in or appointment basis.

Plaintiff's allegations are accepted as true for the purposes of this Motion to Dismiss.  Noel is sixteen years old, and was adopted by the LaRosas at the age of seven.  Among other challenges, Noel has Amniotic Band Syndrome, and as a result (among other things) is missing digits on his right hand and foot, and has webbed digits on his left hand and foot.  (There is no dispute that Noel is disabled under the ADA and RA.)

Noel wished to try out for his high school soccer team in the fall of 2011, but needed to get a physical examination that cleared him to play.  Janice could not schedule an appointment with Noel's pediatrician in time.  Instead, she contacted the Take Care Clinic located inside the Walgreens at 1825 Willow Road in Northfield, Illinois, and was told that they could see Noel for a sports physical without an appointment.

A physician's assistant ("PA") instructed Janice to fill out a "Preparticipation Physical Examination form" for Noel.  The form listed 51 questions regarding Noel's medical history, and stated that the parent should "[c]ircle questions you don't know the answer to."  Because Noel is adopted, Janice could not answer certain questions, and explained as much to the PA who reviewed the form.

The PA began examining Noel by taking his blood pressure, asking him to jump up and down, and listening to his heart, among other things.  When Noel took off his shoes so that he could be

- 2 -

weighed, the PA stopped the examination and asked Noel and Jan to step outside the office. Shortly thereafter, she took them to see Leigh Harmon ("Harmon"), a nurse practitioner. Harmon asked why there were incomplete answers in Noel's paperwork. After Janice explained Noel's adoptive status, Harmon stated that the examination was over because Walgreens had a policy against examining adopted children.

Both Harmon's supervisor and the Walgreens store manager, when consulted, confirmed that Walgreens would not examine Noel. Janice and Noel could not find someone to perform the physical in time, and Noel was not able to try out for the soccer team.

Janice later communicated with Sandra Ryan ("Ryan"), Take Care's Chief Nurse Practitioner Officer. Ryan stressed the importance of obtaining a family history, when feasible, to ascertain medical risks, but also emphasized that Take Care clinics will see and evaluate all children consistent with their policies and procedures. Janice also learned that nurse practitioners have absolute discretion over whom to see at the clinics, and can turn anyone away for any reason.

Plaintiff alleges that Defendants turned Noel away because of his disability, violating Title III of the ADA, 42 U.S.C. § 12182, and Section 504 of the RA, 29 U.S.C. § 794. Alternatively, Plaintiff alleges that Defendants' policy of absolute discretion resulted in a disparate impact on Noel, similarly violating those

statutes. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.  LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in Plaintiffs' Complaint and draws all inferences in her favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not allege "detailed factual allegations," but must offer more than conclusions or "a formulaic recitation of the elements of the cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Naked assertion[s] devoid of further factual enhancement" will not suffice – a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## III.  DISCUSSION

### A.  Count I: The Americans with Disabilities Act

To state a claim under Title III of the ADA, Plaintiff must allege that: (1) Noel is disabled; (2) the Defendants are private entities that own, lease, or operate a place of public accommodation; and (3) Noel was denied the opportunity to

participate in or benefit from services or accommodations on the basis of his disability. *Torrence v. Advanced Home Care, Inc.*, No. 08 C 2821, 2009 WL 1444448, at *3 (N.D. Ill. May 21, 2009). A private person being subjected to discrimination on the basis of disability, or who reasonably believes that he is about to be subjected to such discrimination, may seek injunctive relief under Title III. 42 U.S.C. § 12188; 28 C.F.R. § 36.501(a).

Defendants argue that the Plaintiff fails to state a claim under the ADA because: (a) Noel was not denied an examination based on his disability; (b) the Complaint insufficiently specifies the nature of the alleged discrimination; and (c) Plaintiff lacks standing under the ADA because Plaintiffs cannot sue under Title III for a purely past harm. Because standing is the jurisdictional issue the Court turns first to that question.

### 1. *Standing for Injunctive Relief*

Defendants argue that Plaintiff cannot seek redress under Title III of the ADA for purely past discrimination; that is, they argue that Plaintiff lacks standing to seek an injunction, the only relief available under Title III. (Candidly, Defendants did not clearly frame the issue as one of standing in their Motion. However, Plaintiff fairly interpreted the argument as challenging her standing, and Defendants followed Plaintiff's lead in their Reply. The Court agrees with Plaintiff's interpretation, and follows suit.)

Standing to obtain injunctive relief requires a current or imminent injury that is (a) causally connected to the conduct to be enjoined and (b) likely redressable through a favorable ruling. *See Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010). Plaintiff argues that under Title III, she need only show that the past discrimination deters her from returning to the Take Care clinic with Noel, not that she and Noel have a specific plan to return to that clinic. *See Scherr v. Marriot International, Inc.,* No. 10 C 7384, 2011 WL 2606184, at *6 (N.D. Ill. June 29, 2011) (adopting the "deterrent effect doctrine" recognized in several other circuits).

Even if the Court adopted the "deterrent effect" approach, however, Plaintiff has not demonstrated standing. The only current harm identified in the briefing is Noel's inability to try out for soccer, which could not be redressed by this suit. Plaintiff alleges neither deterrence nor an intent to return to the clinic. Indeed, the Complaint alleges that Janice and Noel only visited the clinic because Noel's physician was unavailable. As the Complaint clearly demonstrates that a repeat visit is unlikely regardless of the alleged discrimination, Count I is dismissed with prejudice for lack of jurisdiction.

## B. Count II: The Rehabilitation Act

To state a claim under Section 504 of the Rehabilitation Act, Plaintiff must plead that (1) Noel had a disability which brings

- 6 -

him with the statute; (2) that he was "otherwise qualified" for the services he sought; (3) that he was discriminated against solely by reason of his disability; and (4) that the "program or activity in question receives federal financial assistance." *Grzan v. Charter Hospital of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997).

### *1. Standing*

The Court turns first to the question of standing. Although Defendants do not challenge Plaintiff's standing under the RA, courts must ensure that they have proper jurisdiction. *Daley v. Grajec*, 06-CV-1493, 2007 WL 2286132, at *6 (S.D. Ind. Aug. 7, 2007). Unlike under the ADA, private plaintiffs may recover compensatory damages under the RA. *Tennessee v. Lane,* 541 U.S. 509, 517 (2004). Based on the concrete harm alleged from the past discrimination, as discussed below, the Court concludes that Plaintiff has standing for a damages claim, though not for injunctive relief (that portion of Count II is, as above, dismissed with prejudice). *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010) (a plaintiff must demonstrate standing for each form of relief sought).

The Court turns next to the merits. Defendants argue that Plaintiff cannot state a claim under the RA because: (a) Noel was not denied an examination solely on the basis of his disability; (b) Noel was not "otherwise qualified" for the physical

examination; and (c) Plaintiff has insufficiently alleged that Take Care directly receives federal funds.

### 2. Denial of Exam "Solely on the Basis of" Disability

Defendants argue that Noel was not denied a physical examination solely by reason of his disability. Instead, Defendants argue, the Amended Complaint establishes that Noel was turned away because Janice could not provide a full medical history for him, as required by Take Care policy.

Reading Defendants' Memorandum generously, the Court incorporates their very similar, but more detailed, argument on this point under Count I. There, Defendants argue that while Janice was given a number of different explanations for why Noel was turned away, all of the various explanations centered around Janice's failure to provide his complete medical history. This establishes that Take Care has a policy against conducting examinations without a complete medical history, Defendants argue, and therefore that Noel could not have been denied an examination solely on the basis of his disability.

Defendants misconstrue the thrust of Plaintiff's Complaint – that Take Care's explanations were purely pretextual. Although the question is a close one, Plaintiff has alleged sufficient facts — for example, that the medical form appears to anticipate some unanswered questions, and that (despite the incomplete medical history) the PA examined Noel until seeing his feet – to make the

claim of pretext plausible. That is, Plaintiff has alleged sufficient facts to make a factual issue of whether Take Care truly had such a policy, or how stringently it was enforced. Contrary to Defendants' implication, Plaintiff has not admitted the validity of their explanations merely by repeating them to the Court. *See Gale v. Hyde Park Bank*, 384 F.3d 451, 452 (7th Cir. 2004) ("the plaintiff may tell the court what his adversary has said without throwing in the towel.")

Accordingly, Defendants' assertions that they did not discriminate against Noel are insufficient to warrant dismissal at this stage; their arguments will have another opportunity at summary judgment, when the record will be clearer. Factual disputes are not to be resolved on a motion to dismiss; determining the sufficiency of the complaint is not the same as determining whose version of events to believe. *See Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010).

### 3. *Whether Noel was "Otherwise Qualified" for an Exam*

Defendants similarly argue that Noel was not "otherwise qualified" for an exam because he did not provide a complete medical history, as required by Take Care policy. As noted above, however, Plaintiff has set forth sufficient facts in the Amended Complaint to create a factual issue (at least at this stage) regarding the extent and rigor of Take Care's policy requiring a

complete medical history.  Therefore, Defendants' Motion to Dismiss is denied to that extent.

### 4. *Receipt of Federal Funds*

As noted above, to state a claim under the RA, Plaintiff had to allege that Defendants received federal funds.  Such federal financial assistance includes grants, loans, contracts, or any other arrangements by which a federal agency makes financial assistance available to a defendant.  *See* 28 C.F.R. § 41.3(e).  (28 C.F.R. § 41.3 is part of the Department of Justice's set of "coordinating" regulations under the RA; each federal agency adopts its own version, but all are required to be consistent. *See id.* § 41.4(a); *Helen L. v. DiDario*, 46 F.3d 325, 330-31 (3d Cir. 1995).)

The Amended Complaint alleges that Walgreens receives federal funds, including Medicare and Medicaid payments.  Am. Compl. ¶ 10. It also alleges "on information and belief" that Take Care receives federal funds.  *Id.* at ¶ 95.  Defendants object that the RA extends only to direct recipients of federal funds, and that Plaintiff did not specifically allege that Take Care is a direct recipient. (Defendants concede that directly receiving Medicare and Medicaid payments qualifies, and therefore that this element is adequately pled against Walgreens.)  Defendants do not appear to claim that Take Care actually receives no direct federal assistance, but only that Plaintiff omitted the word "direct" from paragraph 95.

- 10 -

Defendants attempt to split the hair too finely. First, where pleadings concern matters within the defendant's knowledge, allegations do not categorically fail because they are based upon "information and belief." *See Simonian v. Blistex, Inc.*, No. 10-01201, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010). Furthermore, given the liberal pleading standard under Rule 8, the Court will not conclude that Plaintiff's claim against Take Care fails for lack of the word "direct" in the funding allegation. Accordingly, although the Court dismisses Plaintiff's claim for injunctive relief under Count II (without prejudice), Defendants' Motion to Dismiss Count II is denied as to the damages claim.

## IV.   CONCLUSION

For the reasons stated herein, the Court rules as follows:

1.   Defendants' Motion to Dismiss as to Count I is granted with prejudice;

2.   Defendants' Motion to Dismiss as to the injunctive claim under Count II with prejudice is granted; and

3.   Defendants' Motion to Dismiss as to the damages claim under Count II is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 6/29/2012

- 11 -